IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(NEW ALBANY DIVISION)

CHRISTOPHER E. CATHEY                                                   PLAINTIFF
12119 Pinta Place
Sellersburg, Indiana 47172

                                        Case No. 4:16-cv-170
v.
                                        Judge_____


AFNI, INC.                                                              DEFENDANTS
404 Brock Drive
Bloomington, Illinois 61701

        SERVE:   CT Corporation System
                 150 West Market Street
                 Indianapolis, Indiana 46204
                 (BY CERTIFIED MAIL)


AND

TRANS UNION, LLC
555 West Adams St.
Chicago, Illinois 60661

        SERVE:   The Prentice Hall Corporation System
                 251 East Ohio St., Ste. 500
                 Indianapolis, Indiana 46204
                 (BY CERTIFIED MAIL)


** ** ** **

**VERIFIED COMPLAINT**

Comes the Plaintiff, Christopher E. Cathey, by counsel, and for his Verified Complaint against the Defendants, Afni, Inc. ("Afni") and Trans Union, LLC ("Trans Union") states as

follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Afni's false reporting to Trans Union regarding an alleged delinquent debt of the Plaintiff, the Defendants' failure to investigate Plaintiff's disputes of the Defendants' false reporting, and the Defendants' failure to correct Afni's false reporting on Plaintiff's Trans Union credit reports.

## II. PARTIES

2. Plaintiff, Christopher E. Cathey, is currently and was at all relevant times a citizen of the State of Indiana residing at 12119 Pinta Place, Sellersburg, Indiana 47172.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Afni, is a Illinois corporation doing business in the State of Indiana with its principal place of business at 404 Brock Drive, Bloomington, Illinois 61701.

5. Afni is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Trans Union, is a corporation organized under the laws of the State of Illinois with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

7. Trans Union is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Clark County, Indiana as a result of the Defendants' doing business in Clark County, Indiana.

### IV. FACTUAL BACKGROUND

10. In or around February 2016, Plaintiff, who was in the process of attempting to obtain mortgage financing, accessed his Trans Union credit report and discovered a derogatory tradeline furnished by Afni regarding an alleged past due Direct TV account. Upon information and belief, Afni purchased the alleged past due account from Direct TV and/or was assigned the account by Direct TV.

11. Immediately upon discovery of the derogatory Afni account, Plaintiff contacted Direct TV and paid the alleged overdue amount.

12. Subsequent to payment of the Direct TV account, Plaintiff contacted Direct TV by telephone regarding the account and Afni's derogatory reporting of the account. During Plaintiff's telephone call with Direct TV, which Plaintiff recorded, Direct TV promised Plaintiff that Direct TV would contact Afni and direct Afni to cease reporting the derogatory account to the credit bureaus.

13. In March 2016, Plaintiff contacted Afni by telephone regarding Afni's derogatory credit reporting of the Direct TV account. During Plaintiff's telephone call with Afni, which Plaintiff recorded, Afni promised Plaintiff that Afni would cease reporting the derogatory collections account to the credit bureaus.

14. In April 2016, Plaintiff accessed his Trans Union credit report and discovered that Afni had not ceased reporting the derogatory tradeline; Afni's derogatory tradeline was still

3

reporting on Plaintiff's Trans Union credit report.

15. Immediately upon his April 2016 discovery of Afni's continued derogatory reporting, Plaintiff filed a dispute with Trans Union, the disputes specifically referencing Afni's promise to cease reporting and Plaintiff's recorded telephone calls with Direct TV and Afni.

16. Upon information and belief, Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Afni of Plaintiff's dispute at or within five (5) days of Trans Union's receiving notice of the disputes from Plaintiff.

17. In May 2016, Afni and Trans Union verified the accuracy of their reporting of the false and derogatory Afni tradelines on Plaintiff's credit reports.

18. Despite Plaintiff's lawful request for removal of the disputed items pursuant to the FCRA, the Defendants failed to remove the disputed items from Plaintiff's credit report. Upon information and belief, the Defendants did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Defendants' receipt of Plaintiff's disputes.

19. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of the Afni tradelines on Plaintiff's Trans Union credit report.

## V. CLAIMS

### Negligence – Afni

20. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. Afni's failure to investigate Plaintiff's disputes and its false reporting to Trans Union regarding the Afni account was negligent under applicable law. In failing to investigate Plaintiff's

4

disputes and in falsely reporting the status of the Afni account, Afni breached its duties to Plaintiff to investigate Plaintiff's disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

22. Afni's failure to investigate Plaintiff's disputes and its false reporting to Trans Union regarding the Afni account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, denial of employment opportunities to Plaintiff, and other compensatory and consequential damages.

23. Afni's failure to investigate Plaintiff's disputes and its false reporting to Trans Union regarding the Afni account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

24. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Trans Union's failure to investigate Plaintiff's dispute and its failure to remove the Afni tradeline from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was negligent. In failing to investigate Plaintiff's dispute and in failing to remove Afni's false reports regarding the Afni account, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

26. Trans Union's negligent failure to investigate Plaintiff's dispute and to remove Afni's false reports regarding the Afni account from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, credit denial, and other

compensatory and consequential damages.

27. Trans Union's failure to investigate Plaintiff's dispute and to remove Afni's false report regarding the Afni account from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Afni

28. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Afni, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Trans Union and other currently unknown individuals and/or entities who have accessed Plaintiff's credit report, that Plaintiff has a past due balance with Afni in collections status. Afni's statements were false and were made with conscious disregard for the rights of the Plaintiff.

30. Afni's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amount to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

31. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

32. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Afni and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a past due balance with Afni in collections status.  Trans Union's statements were

false and were made with conscious disregard for the rights of the Plaintiff.

33. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amount to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Afni

34. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35. Afni's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Trans Union of Plaintiff's alleged collections account are violations of Afni's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

36. Afni's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Afni is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

37. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38. Trans Union's failure to investigate Plaintiff's disputes and its failure to remove the disputed Afni account from Plaintiff's Trans Union credit report despite knowledge of the falsity of the disputed item are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

39. Trans Union's failure to investigate Plaintiff's disputes, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts

to remove the disputed items from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

40. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Afni

41. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. Afni's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Trans Union of Plaintiff's alleged collections account, despite Afni's knowledge of the falsity of its reporting, are willful violations of Afni's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

43. Given Afni's knowledge of the falsity of its reporting, Afni's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Afni is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

44. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 43 as if fully set forth herein.

45. Trans Union's failure to investigate Plaintiff's disputes and to remove the Afni account from Plaintiff's Trans Union credit report despite Trans Union's knowledge of the falsity of the disputed item are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding

investigation of disputed items under 15 U.S.C. §1681i.

46. Trans Union's failure to investigate Plaintiff's disputes, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

47. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Christopher E. Cathey, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
616 South Fifth St.
Louisville, KY  40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Christopher E. Cathey, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Christopher E. Cathey

| STATE OF INDIANA | ) |
|---|---|
|  | ) SS |
| COUNTY OF CLARK | ) |

Subscribed, sworn to and acknowledged before me by Christopher E. Cathey this \_\_\_ day of _____, 2016.

_____
Notary Public

Commission expires:_____